

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS 78711

*Withdrawn lug
M-1021*

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 7, 1971

Honorable Roger M. Dreyer
County Attorney
204 Christian Building
711 St. Joseph Street
Gonzales, Texas  78629

Opinion No. M-969

Re:  Authority of county
     to lease two-way radios
     for a deputy sheriff
     and related questions.

Dear Mr. Dreyer:

Your opinion request contains a series of questions which
may be consolidated and paraphrased as follows:

1.  May the county commissioners lease two-way radio equip-
ment for use by the sheriff?

2.  May the county commissioners lease or purchase and main-
tain two-way radio equipment for the personal vehicles of the
sheriff and his deputies, including special deputies?

3.  May the county commissioners lease two-way radio equip-
ment for the automobile of a game management officer employed
by the Parks and Wildlife Department?

The authority for the county commissioners to pay for the
expenses incurred by a sheriff is found in Article 3899,[1] Vernon's
Civil Statutes, which reads in part (b):

"(b)  Each officer named in this Act, where he
receives a salary as compensation for his services,
shall be entitled and permitted to purchase or charge
to his county all reasonable expenses necessary in the
proper and legal conduct of his office, premiums on

---

[1] All Articles referred to are Vernon's Civil Statutes
unless otherwise stated.

-4736-

officials' bonds, premiums on fire, burglary, theft, robbery insurance protecting public funds, and including the cost of surety bonds for his deputies, provided that expenses incurred for premiums on officials' bonds for the county treasurer, county auditor, county road commissioners, county school superintendent, and the hide and animal inspector, including the cost of surety bonds for any deputies of any such officers, may be also included, and such expenses to be passed on, predetermined and allowed in the time and amount, as nearly as possible, by the Commissioners Court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the county auditor, if any, otherwise the county treasurer, only as to whether funds are available for payment of such expenses. The Commissioners Court of the county of the sheriff's residence may, upon the written and sworn application of the sheriff stating the necessity therefor, purchase equipment for a Bureau of Criminal Identification, such as cameras, fingerprint cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment, in keeping with the system in use with the Department of Public Safety of this State, or the United States Department of Justice and/or Bureau of Criminal Identification.

"Such purchases shall be made by each officer, when allowed, only by requisition in manner provided by the county auditor, if any, otherwise by the Commissioners Court. Each officer, shall, at the close of each month of his tenure of office, make an itemized and sworn report of all approved expenses incurred by him and charged to his county, accompanying such report with invoices covering such purchases and requisitions issued by him in support of such report. If such expenses be incurred in connection with any particular case, such report shall name such case. Such reports, invoices, and requisitions shall be subject to the audit of the county auditor, if any, otherwise bv the Commissioners Court, and if it ap-

pears that any item was not incurred by such officer, or that such item was not a necessary or legal expense of such office, or purchased upon proper requisition, such item shall be by said county auditor or court rejected, in which case the payment of such item may be adjudicated in any court of competent jurisdiction.  All such approved claims and accounts shall be paid from the Officers Salary Fund unless otherwise provided herein.

"The Commissioners Court of the county of the sheriff's residence may, upon the written and sworn application of such officer, stating the necessity therefor allow one or more automobiles to be used by the sheriff in the discharge of official business, which,if purchased by the county shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county and they shall be reported and paid in the same manner as herein provided for other expenses.

"Where the automobile or automobiles are owned by the Sheriff or his deputies, they shall be allowed four (4) cents for each mile traveled in the discharge of offical business, which sum shall cover all expenses of the maintance, depreciation, and operation of such automobile.  Such mileage shall be reported and paid in the same manner prescribed for other allowable expenses under the provisions of this section.  No automobile shall be allowed for any Deputy Sheriff except those regularly employed in outside work.  It shall be the duty of the County Auditor, if any, otherwise the Commissioners Court, to check the speedometer reading of each of said automobiles, owned by the county once each month and to keep a public record thereof; no automobile owned by the county shall be used for any private purpose." (emphasis added).

The commissioners court has jurisdiction and authority limited to that provided by the Constitution or by law, but the commissioners court has the implied power to exercise broad discretion to accomplish the purposes intended by any right conferred or obligation imposed.  Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941); Dodson v. Marshall, 118 S.W.2d 621 (Tex.Civ.App.-Waco, 1938, error dism).

Under statutes such as Articles 3902, 6699, and 6699a, the commissioners court is authorized, in conjunction with the sheriff, to provide for deputies and county traffic officers. The commissioners court is obligated to furnish transportation for the sheriff and his deputies by Articles 3902 and 6877-1. The authority to provide transportation under these statutes includes the authority to reimburse the sheriff and his deputies for mileage driven in personal cars. The usefulness of radio equipment in law enforcement programs is recognized by Article 3899, which also places upon the commissioners court the obligation to provide for the necessary expenses of operating the sheriff's office.

Two-way radio equipment is an obvious incident to effective law enforcement. Since the commissioners court is authorized to provide for all reasonable and necessary expenses of the sheriff, the commissioners may provide for the purchase or lease of two-way radio equipment for use by the sheriff and his deputies in accordance with the provisions of Article 3899.

Sheriffs and deputies are authorized to use their personal cars in the performance of their official duties, and the commissioners court is authorized to pay mileage expenses for personal vehicles. Our opinion is that the commissioners court has implied authority to maximize the effectiveness of that use by the installation and maintenance of two-way radio equipment, either purchased or leased.

Your request, insofar as it applies to a special deputy, warrants special attention. The special deputy in question, according to the information furnished, has been appointed by the sheriff purusant to authorization entered upon the minutes of the commissioners court. The special deputy serves without pay or mileage reimbursement and has only parttime or emergency duties. This office has previously ruled that a sheriff is not authorized to issue commissions to special deputies to serve without offical duties or without compensation. Attorney General's Opinions Nos. V-20 (1947), V-1050 (1950), and R-2189 (1950). The last legislature enacted special provisions for reserve deputies to serve without pay. (Acts 62nd Leg., R.S.,1971, ch. 506, p. 1738, and ch. 829, p. 2531). If the special or reserve deputies are appointed in accordance with the law, the commissioners court has the discretion to determine if the purchase or lease of two-way radio equipment for the special or reserve deputies is a reasonable and necessary expense of the sheriff.

Your third question concerns furnishing of radio equipment for the state-owned vehicle of a game management officer. This officer is employed by the Parks and Wildlife Department under Article 978f-3a, Vernon's Penal Code, and does not work directly under the commissioners court or the sheriff. The information furnished with your opinion request indicates that the radio is desired primarily so that the sheriff can maintain contact with the game management officer. No statutory authority expressly authorizes county commissioners or the sheriff to provide radio equipment for a game management officer who is not employed by the county. This office has previously ruled that a sheriff is not authorized to transfer to a constable radio equipment furnished the sheriff's office. Attorney General's Opinion No. R-2442 S 51 (1951). The only possible authority for furnishing the radio is the provision of Article 3899, that a sheriff is entitled "...to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office...;" but this provision is restricted to expenses relating to the conduct of the sheriff's office. The authority of a commissioners court must ultimately rest upon a constitutional or statutory basis. Canales v. Laughlin, 147 Tex. 169, 214 S.W. 2d 451 (1948). Since no statute expressly or by implication gives the commissioners court or the sheriff authority to provide radio equipment to someone not employed by the county commissioners or the sheriff, our opinion is that the commissioners court may not furnish two-way radio equipment to a game management officer employed by the Parks and Wildlife Department.

## SUMMARY

In accordance with the terms of Article 3899, Vernon's Civil Statutes, the commissioners court is authorized to provide for all reasonable expenses necessary in the proper and legal conduct of the sheriff's office and may, in its discretion, purchase or lease and maintain two-way radio equipment:

1. For use by the sheriff and his deputies;

2. For installation and use in the personal cars of the sheriff and his deputies when the vehicles are used in the performance of official duties;

3. For installation or use in the personal vehicle of a special or reserve deputy sheriff when the deputy is appointed in accordance with the law and the vehcile is used in the performance of official duties.

The commissioners court has no authority to purchase or lease two-way radio equipment for use by a game management officer employed by the Parks and Wildlife Department.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roland Daniel Green, III
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Gordon Cass
Max Hamilton
Ben Harrison
Sam Jones

SAM MC DANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant